IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
AMERICAN FEDERATION OF STATE, :
COUNTY & MUNICIPAL EMPLOYEES, :
EMPLOYEES PENSION PLAN, :
          Plaintiff, :

    -against- : 05 Civ. _____

AMERICAN INTERNATIONAL GROUP, :
INC., :
          Defendant. :
-----------------------------------------------------------x

JUDGE STANTON

05 CV 2390

## COMPLAINT

American Federation of State, County & Municipal Employees, Employees Pension Plan ("AFSCME" or "Plaintiff"), by its undersigned counsel, alleges as follows:

### INTRODUCTION

1. AFSCME brings this action for a declaratory judgment and injunctive relief to vindicate its right as a substantial shareholder of American Insurance Group, Inc. ("AIG" or "Defendant") to have AIG include with its proxy materials a shareholder proposal submitted by AFSCME which AIG wrongfully intends to exclude when it issues its proxy materials on April 5, 2005. Section 14a of the Securities and Exchange Act (the "Exchange Act") and Rule 14a-8 promulgated thereunder require AIG to include AFSCME's proposal with its proxy materials.

2. The proposal, which seeks to amend AIG's bylaws to require that AIG's board of directors submit for consideration by the shareholders director candidates nominated by shareholders under certain circumstances, is legal under Delaware law, and is a proper subject for action by AIG's shareholders. As such, AIG's decision to exclude the proposal from its 2005 proxy statement is in violation of Section 14 of the Exchange Act and the Rules of the SEC, and would render AIG's proxy materials false and misleading as a matter of law.

3. AFSCME's shareholder proposal seeks nothing more than to amend AIG's bylaws to require that AIG's board of directors submit for consideration by shareholders director candidates nominated by substantial shareholders. Under Delaware law (and AIG is a Delaware corporation) and under the existing AIG bylaws, shareholders such as AFSCME are empowered to amend corporate bylaws. Nothing in the Exchange Act precludes shareholder action on matters of internal corporate governance of publicly-traded corporations and AIG is wrong to rely on the Exchange Act to omit AFSCME's proposal. Indeed, the Exchange Act is intended to foster full disclosure to shareholders – not to prevent those shareholders from exercising their rights as owners of publicly held companies under state law.

4. AFSCME submitted its proposal in view of the recent history of repeated corporate scandals caused by incumbent boards and corporate management run amok. Corporate boards are supposed to be the elected representatives of the shareholders. Accordingly, AFSCME believes that corporate democracy should be encouraged, not stifled, and can make corporate boards more responsive to shareholder concerns and more likely to exercise greater oversight of management. By refusing to include AFSCME's shareholder proposal with its proxy materials, AIG is frustrating a legitimate effort by a substantial shareholder to improve AIG's corporate governance. Moreover, by refusing to include AFSCME's proposal in its proxy materials, AIG is attempting to prevent AFSCME from exercising its rights as a shareholder, as specifically permitted under state law.

5. This case is *not* about whether AFSCME's shareholder proposal is good or bad. Rather, this case is about whether AIG can hide behind the federal securities laws to *prevent* AIG's shareholders from deciding, for themselves and as the owners of AIG, whether they want to adopt the kind of access bylaw that AFSCME has proposed. At bottom, the point is this: AIG

cannot use the federal securities laws, which regulate disclosure at publicly traded companies, to prevent shareholders such as AFSCME from exercising the rights to which they are legally entitled under state law on matters of internal corporate governance.

## JURISDICTION AND VENUE

6. The claim asserted herein arises under and pursuant to Section 14(a) of the Securities and Exchange Act, 15 U.S.C. §78n, and Rule 14a-8, 17 C.F.R. § 240.14a-8, promulgated thereunder.

7. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§1331 and 1337 and Section 27 of the Exchange Act, 15 U.S.C. §78aa.

8. Venue is proper in this District pursuant to Section 27 of the Exchange Act and 28 U.S.C. §1391(b). On information and belief, AIG maintain its corporate headquarters in this District.

9. In connection with the acts alleged in this complaint, Defendant, directly or indirectly, used the means and instrumentalities of interstate commerce, including but not limited to, the mails and interstate telephone communications.

## THE PARTIES

10. AFSCME administers the pensions of some 2,300 beneficiaries. AFSCME maintains its headquarters at 1625 L Street, N.W., Washington, D.C.

11. AIG is a Delaware corporation and maintains its corporate headquarters at 70 Pine Street, New York, NY.

3

## BACKGROUND

### A. The Regulatory Scheme

12. Section 14(a) of the Securities and Exchange Act of 1934 (the "1934 Act") renders unlawful the solicitation of proxies in violation of the SEC's rules and regulations, which are codified at 17 C.F.R. § 240.14A-1 *et seq.*

13. The scope of the SEC's regulatory authority is limited, however, and does not extend to areas that traditionally have been reserved as matters of state law. The federal securities laws are primarily concerned with issues of disclosure and are not intended to usurp the rights of the states to regulate internal governance of corporations incorporated under their respective laws.

14. In large, publicly-held corporations today, most shareholders rarely attend the company's annual meeting. Therefore, in order for the company to accomplish the necessary business which must be done at the annual meeting, the company utilizes proxies to make sure that it has the vote of enough shareholders for a quorum. Otherwise, the company would be unable to elect directors or to take other necessary actions.

15. Proxies are the way that a shareholder authorizes another person to vote his or her shares at the annual meeting. Proxies are thus an indispensable part of corporate governance. The company sends out proxy materials, including a proxy solicitation and a voting card that contains the company's proposals for shareholder vote, well in advance of the annual meeting.

16. SEC Rule 14a-8, 17C.F.R. § 240.14a-8, plays an important role in the SEC's goal of regulating disclosure issues in proxy statements. The Rule addresses the procedures for submitting shareholder proposals, prescribes when a company must include a shareholder's

4

proposal in the company's proxy statement, and lists the circumstances under which a shareholder proposal may be excluded by the company. 17 C.F.R. ¶ 240.14(a)(m).

17. Rule 14a-8(b)(1) requires, among other things, that to be eligible to submit a proposal, the shareholder "must have continuously held at least $2,000 in market value, or 1%, of the company's securities entitled to be voted on the proposal at the meeting for at least one year prior to the date on which the [shareholder] submitted the proposal." 17 C.F.R. § 240.14a-8(b)(1). Procedurally, the rule requires that shareholder proposals be limited to 500 words (17 C.F.R. § 240.14a-8(d)), and must be submitted to the Company no later than 120 days before the publication of the company's proxy statement. 17 C.F.R. § 240.14a-8(e)(2).

18. If a shareholder satisfies the eligibility and procedural requirements, Rule 14a-8 permits the company to exclude an offered proposal *only* if the proposal falls within thirteen specifically enumerated categories.[1] In other words, a company *cannot* exclude a shareholder's

---

[1] Specifically, in question-and-answer format, Rule 14a-8 lists thirteen grounds upon which a company may rely to exclude a shareholder proposal from the company's proxy:

(i) *Question 9:* If I have complied with the procedural requirements, on what other bases may a company rely to exclude my proposal?

(1) *Improper under state law:* If the proposal is not a proper subject for action by shareholders under the laws of the jurisdiction of the company's organization;
. . .
(2) *Violation of law:* If the proposal would, if implemented, cause the company to violate any state, federal, or foreign law to which it is subject;
. . .
(3) *Violation of proxy rules:* If the proposal or supporting statement is contrary to any of the Commission's proxy rules, including § 240.14a-9, which prohibits materially false or misleading statements in proxy soliciting materials;

(4) *Personal grievance; special interest:* If the proposal relates to the redress of a personal claim or grievance against the company or any other person, or if it is designed to result in a benefit to you, or to further a personal interest, which is not shared by the other shareholders at large;

(5) *Relevance:* If the proposal relates to operations which account for less than 5 percent of the company's total assets at the end of its most recent fiscal year, and for less than 5 percent of its net earnings and gross sales for its most recent fiscal year, and is not otherwise significantly related to the company's business;

5

proposal from the company's proxy materials unless the company meets its burden of demonstrating that the proposal falls within one of the thirteen enumerated exclusions to the Rule. If the company fails to meet its burden, assuming the shareholder is eligible and has met the procedural requirements for submitting the proposal, the company *must* include the proposal with the company's proxy materials.

**B.     AFSCME's Shareholder Proposal**

19.     On December 1, 2004, AFSCME notified AIG that AFSCME was submitting a shareholder proposal that AFSCME intended to present at the 2005 Annual Meeting. AFSCME's proposal would amend the Company's bylaws to establish a procedure by which an

---

(6) *Absence of power/authority:* If the company would lack the power or authority to implement the proposal;

(7) *Management functions:* If the proposal deals with a matter relating to the company's ordinary business operations;

(8) *Relates to election:* If the proposal relates to an election for membership on the company's board of directors or analogous governing body;

(9) *Conflicts with company's proposal:* If the proposal directly conflicts with one of the company's own proposals to be submitted to shareholders at the same meeting;
. . .
(10) *Substantially implemented:* If the company has already substantially implemented the proposal;

(11) *Duplication:* If the proposal substantially duplicates another proposal previously submitted to the company by another proponent that will be included in the company's proxy materials for the same meeting;

(12) *Resubmissions:* If the proposal deals with substantially the same subject matter as another proposal or proposals that has or have been previously included in the company's proxy materials within the preceding 5 calendar years, a company may exclude it from its proxy materials for any meeting held within 3 calendar years of the last time it was included if the proposal received:
   (i) Less than 3% of the vote if proposed once within the preceding 5 calendar years;
   (ii) Less than 6% of the vote on its last submission to shareholders if proposed twice previously within the preceding 5 calendar years; or
   (iii) Less than 10% of the vote on its last submission to shareholders if proposed three times or more previously within the preceding 5 calendar years; and

(13) *Specific amount of dividends:* If the proposal relates to specific amounts of cash or stock dividends.

eligible shareholder may ensure the inclusion in AIG's proxy statement and on its proxy card of a nominee for election to AIG's board of directors.

20. The proposal set forth the following bylaw:

The Corporation shall include in its proxy materials for a meeting of stockholders the name, together with the Disclosure and Statement (both defined below), of any person nominated for election to the Board of Directors by a stockholder or group thereof that satisfied the requirements of this section 6.10 (the "Nominator"), and allow stockholders to vote with respect to such nominee on the Corporation's proxy card. Each Nominator may nominate one candidate for election at a meeting.

To be eligible to make a nomination, a Nominator must:

(a) have beneficially owned 3% or more of the Corporation's outstanding common stock (the "Required Shares") for at least one year,

(b) provide written notice received by the Corporation's Secretary within the time period specified in section 1.11 of the Bylaws containing (i) with respect to the nominee, (A) the information required by Items 7(a), (b) and (c) of SEC Schedule 14A (such information is referred to herein as the "Disclosure") and (B) such nominee's consent to being named in the proxy statement and to serving as a director if elected; and (ii) with respect to the Nominator, proof of ownership of the Required Shares; and

(c) execute an undertaking that it agrees to (i) assume all liability of any violation of law or regulation arising out of the Nominator's communications with stockholders, including the Disclosure; (ii) to the extent it uses soliciting material other than the Corporation's proxy materials, comply with all laws and regulations relating thereto.

The Nominator shall have the option to furnish a statement, not to exceed 500 words, in support of the nominee's candidacy (the "Statement"), at the time the Disclosure is submitted to the Corporation's Secretary. The Board of Directors shall adopt a procedure for timely resolving disputes over whether notice was timely given and whether the Disclosure and Statement comply with this section 6.10 and SEC rules.

21. In submitting its proposal, AFSCME set forth the following information to indicate its eligibility and compliance with the procedural requirements of Rule 14a-8:

7

      a.    AFSCME is the beneficial owner of 26,965 shares, comprising at least $2,000 in market value of AIG's common stock;

      b.    AFSCME had held those shares for over one year as of December 2, 2004, and intended to hold those shares through the date of the Annual Meeting;

      c.    AFSCME's agent intends to appear in person or by proxy at the Annual Meeting to present the proposal; and

      d.    AFSCME has no "material interest" other than that believed to be shared by stockholders of the Company generally.

**C.    AIG's Rejection of AFSCME's Proposal and the SEC's No-Action Letter**

22.    On January 13, 2005, AIG invoked the SEC's "no-action" process by letter to the Division of Corporation Finance (the "Division") of the SEC. The no-action request stated the Company's position that AIG's proposal should be omitted from the proxy materials that are going to be distributed by the Company in advance of its Annual Meeting on the following grounds:

      a.    The proposal relates to the election for membership on the Company's board of directors;

      b.    The proposal is not a "direct access proposal" contemplated by Proposed Rule 14a-11 of the SEC; and

      c.    The proposal is contrary to the proxy rules of the Commission. (Rule 14a-8(i)(3)).

23.    In its letter to the SEC, AIG stated its intention to omit the proposal and supporting statement of AFSCME from the company's proxy materials, which AIG "anticipates that it will mail ... to shareholders on or about April 5, 2004."

24. On February 8, 2005, AFSCME responded to the no-action request. In its response, AFSCME explained, among other things, that Rule 14a-8 does not permit companies to exclude proposals, submitted by shareholders that satisfy certain procedural and eligibility requirements, that seek to amend corporate bylaws to establish procedures for the nomination and election of directors. Rather, Rule 14a-8, and subsection (i)(8) in particular, only precludes shareholder proposals that advocate the election of specific candidates or oppose the election of specific directors in particular elections.

25. On February 14, 2005, the SEC issued a no-action response, stating that the Staff of the SEC will not recommend enforcement action to the Enforcement Division if AIG omits AFSCME's proposal from its proxy materials in reliance on Rule 14a-8(i)(8), "as relating to an election for membership on [AIG's] board of directors."

26. AIG continues to hold the position that it will omit AFSCME's shareholder proposal from its proxy materials.

### D. The Division's No-Action Letter Is a Product of a Misapplication of the Exchange Act

27. The Division's "no-action letter" opined that it would not recommend an enforcement action against the Company if AIG excluded the Proposal under Rule 14a-8(i)(8). SEC Rule 14a-8(i)(8) provides that a company need not include in its proxy materials any shareholder proposal that relates to "an election" to the board of directors. Rule 14a-8(i)(8) states as follows:

> (i) Question 9: If I have complied with the procedural requirements, on what other bases may a company rely to exclude my proposal?
> . . .
> (8) Relates to election: If the proposal relates to an election for membership on the company's board of directors or analogous governing body;

17 C.F.R. § 240.14a-8(i).

28. This "election exclusion" has been part of the SEC Rules since at least the 1950's, yet there is very little early guidance about the scope of this exclusion. What guidance there is, however, indicates that Rule 14a-8(i)(8) was designed, and is intended, to prevent shareholders from submitting proposals to challenge candidates up for elections, or to submit candidates to be considered at a specific election. The Rule does *not* apply, however, to bar shareholder proposals that would establish *procedures* for the nomination of candidates or the conduct of corporate elections.

29. If adopted, AFSCME's proposal would amend AIG's bylaws in such a manner so as to establish a *procedure* by which the Company would be required to submit to the shareholders for consideration at the annual meeting, the names of director candidates nominated by the shareholders under certain circumstances. The proposal does not advocate a particular candidate, and does not oppose any incumbent director's re-election to the board. Rather, it deals exclusively with procedural matters, and thus although it deals with elections generally, it does not concern "an election" within the meaning of Rule 14a-8(i)(8).

30. Further, a corporate bylaw provision that would require *the Company* to publish the names of director candidates nominated by shareholders under certain circumstances would not run afoul of Rule 14a-8(i)(8) because the shareholders would not be using their right under federal law to submit shareholder proposals under Rule 14a-8 to introduce candidates. Rather, if adopted, the Company would be required to submit the names of alternative candidates who were nominated by the shareholders under certain circumstances pursuant to the bylaws of the corporation. Shareholders, however, would not be using the shareholder proposal rule of 14a-8 specifically to introduce candidates for election, as is prohibited under the "election exclusion" of subsection (i)(8).

31. Under Delaware law, procedures for nominating director candidates may be established in the corporate bylaws, and changes in such nominating procedures may be effected by amending those bylaws. In this regard, it is important to note that AIG *already has bylaws* that relate specifically to how shareholders may nominate candidates for election to the Company's Board of Directors. AFSCME's proposal, therefore, would merely amend AIG's existing bylaws regarding a subject that those bylaws already address. Because corporate bylaws may be amended under state law to provide for procedures pursuant to which shareholders may nominate candidates for election to corporate boards, the SEC's regulations, and Rule 14a-8(i)(8) in particular, should not be interpreted or applied in such a manner as to impair the shareholders' ability to propose such an amendment.

32. The Division of Corporation Finance has also been historically *inconsistent* in its interpretation of the "election exclusion." Although it initially *permitted* shareholder proposals that would have established procedures by which shareholders could require companies to publish the names of director candidates nominated by the shareholders, more recently it has *precluded* any proposals that it deems "might result in contested elections of directors." The Division's inconsistency in its application of Rule 14a-8(i)(8) reveals that nothing in the text of the "election exclusion" prohibits the introductions of shareholder proposals similar to that advanced by AFSCME here. Instead, by adopting an interpretation of Rule 14a-8(i)(8) that is specifically intended to *regulate the election process itself* by precluding any proposals that, in the Division's view, "would establish a procedure that may result in contested elections of directors," the Division has exceeded its authority and has sought to interfere in areas of corporate governance that traditionally have been matters of state law.

33. The SEC's role in the proxy context is to ensure accurate and non-misleading public *disclosures* about the finances and financial prospects of publicly traded companies, not to unilaterally decide whether to permit, promote, encourage or discourage contested elections at publicly traded companies. Any effort by the SEC to exert control beyond matters of disclosure – whether through rule making, or through an overzealous (and unjustified) application of existing rules – exceeds the Commission's statutory authority and is illegal.

## FIRST CLAIM

### VIOLATION OF SECTION 14A OF THE SECURITIES EXCHANGE ACT AND RULE 14A-8 PROMULGATED THEREUNDER AGAINST AIG

34. Plaintiff repeats and realleges each and every allegation above as if fully set forth herein.

35. On or about December 1, 2004, Plaintiff notified AIG that it was submitting a proposal that Plaintiff intended to present at the 2005 Annual Meeting of Shareholders and requested that the proposal be included in AIG's proxy materials which are being mailed to the Company's shareholders on or about April 5, 2005 as required by Rule 14a-8, 17 C.F.R. §240.14a-8. Plaintiff's proposal would amend AIG's bylaws to establish a procedure by which an eligible shareholder may ensure the inclusion in AIG's proxy statement and on its proxy card of a nominee for election to AIG's board of directors.

36. As of December 1, 2004, Plaintiff was the beneficial owner of 26,965 shares, which had at least $2,000 in market value, or constituted at least 1%, of voting common stock of AIG and has held those shares for over one year prior to that date. Plaintiff intends to hold those shares through the date of the Annual Meeting and intends to appear in person or by proxy at the Annual Meeting to present the proposal. Plaintiff has no "material interest" in the proposal other than that believed to be shared by stockholders of AIG generally. Plaintiff's proposal in all

respects satisfied the procedural requirements established by Rule 14a-8, 17 C.F.R. §240.14a-8 to be included in AIG's proxy material.

37. On or about January 14, 2005, AIG informed Plaintiff that it did not intend to include Plaintiff's proposal in its proxy materials and sought no-action relief from the staff of the SEC with respect to its decision to omit Plaintiff's proposal from its proxy material.

38. On February 14, 2005, the staff of the SEC issued a no-action letter stating that "there appears to be some basis" for AIG's view that Plaintiff's proposal may be excluded under Rule 14a-8(i)(8). This determination is erroneous and is not binding on the Court or the parties. A shareholder proposal may only be excluded under Rule 14a-8(i)(8) if it will affect the outcome of a particular election. Plaintiff's proposal will not affect the outcome of any particular election. Nevertheless, AIG has continued to indicate that it will not include Plaintiff's proposal in its proxy materials.

39. AIG's stated decision to omit Plaintiff's proposal from its proxy materials violates §14a of the Securities and Exchange Act and Rule 14a-8, 17 C.F.R. §240.14a-8. AIG has indicated that its proxy materials will be sent to shareholders on or about April 5, 2005, in advance of the Annual Meeting of shareholders which on information and belief, is set for May, 2005.

40. Plaintiff has no adequate remedy at law and faces imminent and irreparable loss of its rights as a result of AIG's decision to omit Plaintiff's proposal from the Company's proxy materials.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that this Court enter a judgment providing the following relief:

A. Declaratory judgment that AIG's decision to omit Plaintiff's proposal from its proxy materials violates Section 14(a) of the Securities Exchange Act and Rule 14a-8, 17 C.F.R. §240.14a-8;

B. Injunctive relief compelling AIG to include Plaintiff's proposal in its proxy materials;

C. An order awarding Plaintiff its costs of litigation, including reasonable attorneys' fees, pursuant to the common benefit rule; and

D. Any other relief as the Court deems just and proper.

Dated: February 25, 2005

_____
Jay W. Eisenhofer (JE 5503)
Jacqueline Bryks (JB 4849)
GRANT & EISENHOFER, P.A.
445 Park Avenue, 9th Floor
New York, NY  10022
Tel: (212) 755-6501
Fax: (212) 755-6503

*Attorneys for Plaintiff American Federation of State, County & Municipal Employees, Employees Pension Plan*

*Of Counsel:*

David E. Sellinger
Michael J. Barry
GRANT & EISENHOFER, P.A.
Chase Manhattan Centre
1201 N. Market Street
Wilmington, DE  19801
Tel: 302-622-7000
Fax 302-622-7100